**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

In re:
  Scott H. Blumsack,
      Debtor

Case No. 21-40248
Chapter 13

**DEBTOR'S OPPOSITION TO UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE AND OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

**COMES NOW** Scott H. Blumsack, the Debtor in the above-captioned matter, and through counsel respectfully opposes the "United States Trustee's Motion to Dismiss Chapter 13 Case and Objection to Confirmation of Debtor's Chapter 13 Plan" (hereinafter "UST Motion").

In support of his opposition, the Debtor responds to each allegation in the UST Motion as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted, except as to 11 USC § 1307(c) and Fed. R. Bankr. P. 1017, where Movant has failed to state which specific subsection applies. In any event, Debtor denies that any of the causes for dismissal set forth in 11 USC § 1307(c) or Fed. R. Bankr. P. 1017 apply to the instant matter.

5. Admitted.

6. Admitted.

7. Admitted, except that the correct name for the entity referenced is "Mass Athletics, LLC" and it is not a corporation.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted as to the first portion of the allegations in this Paragraph through the word "marijuana". The remaining allegation in this Paragraph is a legal conclusion, which does not require a response.

12. Admitted.

13. Admitted as to what the proposed plan states. However, Debtor states that following the expiration of the claims bar date, the actual allowed general unsecured claims are only $24,192.43, plus a student loan claim in the amount of $21,360.21. Accordingly, the actual effective dividend to the unsecureds is 11.19% if the student loan claim is paid through the Plan as a general unsecured creditor, and 21% if it is not.

14. Admitted.

15. Admitted.

16. Admitted.

17. The allegations in this Paragraph appear to restate legal principles, and therefore do not require a response.

18. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.  The cases cited by the Movant are not binding authority in this District, and in any event are distinguishable.  <u>Way to Grow</u> and the two joined debtors were sellers (or holding companies of sellers) of supplies and equipment to marijuana growers, and the <u>Burton</u> debtors owned a majority interest in a marijuana cultivator/seller entity.  None of the cases cited involved a mere non-owner employee such as the Debtor in the instant matter.

19. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.  The case citations speak for themselves.  However, the Debtor denies any conduct alleged in this Paragraph.

20. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.

21. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.

22. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response. Debtor further states that the Movant has failed to

indicate what specific subsection of 11 USC § 1307(c), if any, applies in the instant case.

23. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response. To the extent a response is required, Debtor states that he proposed his Chapter 13 Plan in good faith, and not by any means forbidden by law.

24. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response. But once again, the case cited by the Movant is not binding authority in this District, and is distinguishable: the <u>Arenas</u> debtor was a licensed Colorado grower and seller of medical marijuana. He also leased a building to third parties who dispensed medical marijuana from it. <u>In re Arenas</u>, 535 B.R. 845, 847 (10th Cir. BAP 2015).

25. Denied. The allegations in this Paragraph appear to be prayers for relief. The Movant cited no authority in support of the proposition that a mere employee of a marijuana-involved company in which the employee has no interest is ineligible for bankruptcy relief.

26. The Movant alleges that the Debtor is committing federal crimes by virtue of his employment. These allegations are denied. The Movant offers no credible evidence in support of its allegations regarding the Debtor's specific tasks

at work. At best, an evidentiary hearing would be required in order to determine the same. But Movant goes so far as to categorize the entirety of the Debtor's employment as "illegal activity." This, however, is a slippery slope argument that is unfounded and improper. While courts have held that proprietors of marijuana retailers ostensibly fall into that category ("illegal activity"), courts have held that "the nature and extent of debtors' involvement in the marijuana business can vary widely[,]" and that "the flexible cause standard under § 1307(c), coupled with the abuse of discretion standard of review on appeal, give bankruptcy courts appropriate latitude to deal with these variations." In re Burton, 610 B.R. 633, 638-39 (9th Cir. 2020). The Movant suggests that any employee of a marijuana-involved business is committing a crime. But a warehouse attendant who stacks boxes at a marijuana dispensary or a web designer who updates the company website for a dispensary does not stand in the same posture as the dispensary's proprietor. Thus, the Movant's argument is flawed.

There is no dispute that the marijuana industry has contributed and is contributing economically to a wide spectrum of businesses and individuals in Massachusetts. While an employee may be the obvious example, less obvious

    examples of entities that derive economic benefit from the proceeds and profits of the marijuana industry include a contracted janitorial agency that cleans a dispensary, a pizza shop next door to a dispensary where dispensary employees take their lunch, Federal Express in that it delivers packages for the dispensary, the electric utility company, and even the public schools in the towns where the dispensaries are located.

    Taking the Movant's argument at face value, none of these participants in the Massachusetts economy, nor their employees, appear eligible to be debtors in bankruptcy, because to some varying extent their income is derived from marijuana-related activities.

    Furthermore, pursuant to the Movant's argument, the 2.3 million Walmart employees may also be ineligible for bankruptcy relief[1].

27. This argument is without merit. The Trustee has already been holding the Debtor's plan payments for many months, and Trustees nationwide are administering funds of numerous debtors in bankruptcy who are deriving direct or indirect income from the marijuana industry. <u>See</u>

---

[1] Mike Adams, "Is Walmart Doing Business With The Cannabis Industry?", Forbes.Com, Mar. 20, 2018, https://www.forbes.com/sites/mikeadams/2018/03/20/is-walmart-doing-business-with-the-cannabis-industry/

Paragraph 26, supra. In the instant case, the Movant has failed to establish the extent of this particular Debtor's specific "ongoing and continuing illegal activity," broadly lumping the Debtor into the same category as cultivators and proprietors of actual marijuana enterprises.

28. The allegations in this Paragraph sound in a prayer for relief, and therefore do not require a response.

29. The cases cited by the Movant speak for themselves, however they are inapposite and easily distinguishable from the instant case. Moreover, none of the cases cited is binding. See infra.

30. The cited case speaks for itself, however Movant has failed to mention that the Arenas debtor was a licensed medical marijuana grower and seller. In re Arenas, 535 B.R. at 847. In the instant case, the Debtor is a mere employee.

31. The cited case speaks for itself.

32. The cited case speaks for itself.

33. The cited case speaks for itself. However, once again, the cited case, which was a Motion to Convert a Chapter 7 case to one under Chapter 13, is inapposite. In Arenas, the court found that "the Arenases' monthly income from sources other than marijuana was not enough to fund their

plan." Id. at 852. No such finding was made here. While this Court would need to take further evidence in order to make this determination, as an offer of proof Debtor represents that his non-debtor spouse is gainfully employed (ironically, for the Federal Government) in a non-marijuana-related position, earning nearly $133,000 per year. Further, in Arenas, the Chapter 7 Trustee would have had to deal with actual marijuana assets, i.e., 25 non-exempt marijuana plants valued at $6,250. Id. at 848, 852. No such issues exist in the instant case.

34. The cited case speaks for itself. Movant has failed to mention that the Johnson debtor owned and operated a business which cultivated and sold marijuana to individuals and dispensaries. He also admitted to possession of marijuana in various quantities. In re Johnson, 532 B.R. 53, 55 (Bankr. W.D. Mich. 2015). Further, Johnson was found to be "engaged in business" within the meaning of § 1304(a). Id. at 57. No such finding can be made in the instant case.

35. The cited case speaks for itself.

36. The cited case speaks for itself. However, Movant has omitted that the driving issue in the Johnson matter was not the approval or disapproval of segregation of funds, but rather that the Johnson debtor was "engaged in

business," and his residence, truck, horticultural equipment, fertilizer, and other supplies were all property of the estate while being used in running his marijuana business.  Id. at 57.  Once again, none of these issues is present in the instant case.

37. The Movant has conveniently omitted the holding of Johnson: a crafted compromise wherein the court declined to dismiss the debtor's case, while enjoining him from running his marijuana business for as long as he wishes to remain a debtor in bankruptcy.  Id. at 59.  Contrary to the Movant's argument, even if the instant Debtor – Mr. Blumsack - operated a marijuana business (which he does not), dismissal would not be the sole and inevitable outcome the Movant suggests.

38. The cited case speaks for itself.  Burton debtors owned a majority interest in a marijuana cultivator/seller entity. In re Burton, 610 B.R. at 634.  In the instant case, the Debtor is not a business owner.

39. The cited case speaks for itself.

40. The cited case speaks for itself.

41. The cited case speaks for itself.  The cited case rises and falls on the Burton debtors being owners of a marijuana-related business.  This cannot be said for the instant Debtor.

42. The cited case speaks for itself.

43. The Movant's argument is flawed. First, the Movant has not been able to cite a single case where a debtor was held to be ineligible for bankruptcy relief by the virtue of being a mere employee of a marijuana-related business. This is because there are no such cases. Second, as argued in Paragraph 26, supra, the Movant improperly places a proprietor of a marijuana-related business in the same light as a mere employee for the purposes of this analysis. There is no authority for this, and this is a slippery slope argument that, if taken at face value, potentially extends to employees of a wide range of businesses and industries that provide all levels of services to marijuana-related enterprises, from janitorial to electricity to food service to landscaping, etc.

44. The Movant lends support to the Debtor's argument by citing accounting and communications as "peripheral services that … can support a conspiracy conviction." The Movant's argument is borderline absurd, because under the Movant's approach employees of Intuit (the maker of Quickbooks accounting software), Verizon, and T-Mobile are all ineligible for bankruptcy relief, as each of these companies likely provides services to at least one or more marijuana-related businesses.

45. The cited cases speak for themselves.  However, as explained at length above, Arenas, Johnson, and Burton dealt with business owners.  In Arenas, the issue was also the need for the Trustee to administer actual marijuana plants.  Here, even if this court were to find that a non-owner employee's wages are questionable, the Debtor would still be in a strong position to propose a Plan funded by his spouse's earnings, and not his.

46. The Trustee is not being "compelled" to administer illegal assets in this case.  Cf. Arenas, supra, where the Trustee would have had to administer 25 marijuana plants in a Chapter 7 case.

47. The cites cases speak for themselves.  However, Johnson is telling, in that the court permitted the debtor to remain in Chapter 13, only enjoining him from further operating his marijuana business while remaining in bankruptcy.  Despite a number of orders on what the debtor must do to remain in bankruptcy, there were no orders requiring, for instance, that future Chapter 13 payments be necessarily funded from non-marijuana income.  In re Johnson, 532 B.R. at 59.  To the extent that the Johnson debtor could have made his future payments from his savings or retirement funds, those may well have originated as proceeds of his

    marijuana business in the past. The <u>Johnson</u> court did not address this point.

48. Dismissal is a draconian remedy that is not appropriate under the circumstances in this case or under any existing authority. So, too, denial of confirmation is unsupported on this record.

**WHEREFORE,** the Debtor prays that this Court:

A. Overrule this Objection to Confirmation;
B. Deny the Motion to Dismiss; and
C. Grant such further relief as this Court considers equitable and just.

Respectfully submitted,
Scott H. Blumsack, Debtor,
By his Attorney,
<u>/s/ Dmitry Lev</u>
Dmitry Lev, Esq. BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
dlev@levlaw.net

Dated: October 26, 2021

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

```
In re:
   Scott H. Blumsack,
       Debtor
```

Case No. 21-40248
Chapter 13

**CERTIFICATE OF SERVICE**

I, Dmitry Lev, hereby certify that on October 27, 2021, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the foregoing document in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system.

On information and belief, a Notice of Electronic Filing was contemporaneously transmitted to the following CM/ECF participants electronically:

- For the United States Trustee: Richard King, Stephen E. Meunier
- For the Chapter 13 Trustee: Denise M. Pappalardo
- For Creditor Matrix Financial Services Corp.: Richard T. Mulligan
- For Creditor Massachusetts Department of Revenue: Jodi B. Meade

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

Respectfully submitted,
/s/ Dmitry Lev
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
dlev@levlaw.net

Dated: October 27, 2021