# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re:<br><br>    SCOTT H. BLUMSACK,<br><br>                    Debtor | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 13<br>Case No. 21-40248-EDK |

## FINAL PRETRIAL ORDER
## (Contested Matter)

1. An evidentiary hearing on the United States Trustee's Motion to Dismiss Chapter 13 Case and Objection to Confirmation of Debtor's Chapter 13 Plan [Docket #75] is set for **March 11, 2022 at 10:00 a.m.** in the Federal Building and Courthouse, Second Floor, 595 Main Street, Worcester, MA.

2. **Unless otherwise ordered, the parties shall comply with all obligations and deadlines set forth herein.**

3. **Cooperation.**  The parties and counsel must cooperate during all aspects of discovery.  Failure by any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

4. **Completion of Discovery.**  **Discovery must be completed by February 2, 2022**, unless otherwise ordered by the Court upon motion or after consideration of the discovery plan.

5. **Discovery-Related Disputes and Motions.**  No discovery motion may be filed unless the moving party (1) has attempted in good faith, but without success, to resolve the dispute; and (2) has requested a pre-motion conference with the Court.

    a. The request must be made by filing a one-page written request with the Court that contains only a general summary of the issues to be discussed. Any request for a pre-motion conference shall not contain argument. No response to the request should be filed unless directed by the Court.  If the Court does not grant the request for a pre-motion conference, or if the conference fails to resolve the dispute, a discovery motion may then be filed.

6. **Dispositive Motions.  The deadline for filing dispositive motions February 11, 2022.**  If a dispositive motion is filed by any party, the deadline for filing the Joint Pretrial Memorandum will be suspended until further Court order. Any timely filed dispositive motion will be heard on March 11, 2022 at 10:00 a.m. in Worcester.

    a. **Opposition/Response to Dispositive Motions.** The deadline for filing an opposition, response, or cross-motion any Dispositive Motion is February 25, 2022.

7. **Joint Pretrial Memorandum.** Absent further order of the Court, **the parties are ordered to file a Joint Pretrial Memorandum by March 4, 2022.** The Joint Pretrial Memorandum must be approved and signed by all counsel and unrepresented parties.[1] The Joint Pretrial Memorandum shall supersede the pleadings to the extent of any inconsistency and will govern the course of trial. The Joint Pretrial Memorandum must set forth the following:

   a. A statement indicating the parties' attempts to resolve their dispute by mediation. In the event the parties agree in good faith to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

   b. A statement regarding the Court's authority to enter a final order as to each matter in dispute.

   c. A statement as to whether each party consents to the entry of a final order by this Court as to each matter in dispute.

   d. Facts to which the parties have stipulated.

   e. The issues of fact which remain to be litigated.

   f. The issues of law to be determined.

   g. A brief summary of each party's case.

   h. The name, address, and telephone number of each witness, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises.[2]

   i. A list of witnesses whose testimony will be presented by means of a deposition.

   j. A list of exhibits, other than those to be used for impeachment, pre-marked in the order in which they are expected to be offered (with separate numbering for plaintiff and defendant), separately identifying those exhibits which each party expects to offer and those which will be offered only if the need arises.

   k. A statement confirming that the parties have exchanged exhibits.

---

[1] If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each party shall be responsible for filing, by the same date, a separate Pretrial Memorandum that contains the information required by this paragraph and a statement as to why the parties could not cooperate in filing the Joint Pretrial Memorandum.

[2] If an interpreter is required for any witness, it will be the responsibility of the party calling the witness to supply the interpreter. The Court cannot and does not supply interpreters.

    l. If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification, as permitted by Fed. R. Evid. 902(11) and (12), rather than by testimony of an authentication witness.

    m. Any objections, including the grounds for the objection, to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits. Any objection not set forth in the Joint Pretrial Memorandum, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

    n. An estimated length of trial.

8. **Exhibits and Demonstratives.**[3]

    a. Trial exhibits must be pre-marked and assembled in binders tabbed with the appropriate exhibit numbers.

    b. Parties must bring sufficient copies of all exhibits and transcripts of deposition testimony to Court for trial so that copies are available for the Judge, the witness, the Law Clerk, all counsel, and all unrepresented parties.

    c. Written summaries and/or charts presented to the Court in conjunction with closing statements (as an aid and not as evidence) must be provided to opposing counsel prior to the commencement of the closing statement, and any objections must be raised prior to the commencement of the closing statement. Closing summaries and/or charts may not include information which was not presented and admitted into evidence or through testimony during the trial.

9. **Failure to Comply with this Order.** This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

_____ 1/3/2021
Elizabeth D. Katz            Dated
United States Bankruptcy Judge

---

[3] The courtroom is equipped with an electronic presentation system for displaying trial exhibits. Questions regarding the electronic evidence presentation system should be directed to the Courtroom Deputy at Stephen_Reynolds@mab.uscourts.gov.