UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In Re: | Scott H Blumsack , | Chapter: 13 |
|--------|-------------------|-------------|
| | Debtor | Case No: 21–40248 |
| | | Judge Elizabeth D. Katz |

## NOTICE OF TELEPHONIC NONEVIDENTIARY HEARING

**PLEASE TAKE NOTICE** that a **HEARING** will be held on **3/15/23 at 12:00 PM** before the Honorable Judge Elizabeth D. Katz, the hearing will be held TELEPHONICALLY to consider the following:

[208] Motion of Debtor for Authority to Disburse

THIS HEARING WILL BE CONDUCTED TELEPHONICALLY. PARTIES MAY PARTICIPATE BY DIALING 888–363–4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED.

**OBJECTION/RESPONSE DEADLINE:**

If no deadline is set, the objection/response deadline shall be governed by the Federal Rules of Bankruptcy Procedure (FRBP) and the Massachusetts Local Bankruptcy Rules (MLBR). If no objection/response is timely filed, the Court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice. See MLBR 9013–1(f).

**THE MOVING PARTY IS RESPONSIBLE FOR:**

1. Serving a copy of this notice upon all parties entitled to notice within two (2) business days; and
2. Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below. If the hearing date is fewer than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing.**

**NOTICE TO ALL PARTIES SERVED:**

1. **Your rights may be affected.** You should read this notice, the above referenced pleading and any related documents carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.
2. Any request for a continuance **MUST** be made by **WRITTEN MOTION** filed and served at least one (1) business day prior to the hearing date. See MLBR 5071–1.
3. The above hearing shall be underlined nonevidentiary. If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule an evidentiary hearing. If this is a hearing under section 362, it will be a consolidated preliminary and final nonevidentiary hearing unless at the conclusion thereof the court schedules an evidentiary hearing.

Date:2/8/23

By the Court,

Stephen Reynolds
Deputy Clerk
413–785–6909

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

```
In re:
  Scott H. Blumsack,
      Debtor
```

Case No. 21-40248
Chapter 13

### CERTIFICATE OF SERVICE OF NOTICE OF HEARING

I, Dmitry Lev, hereby certify that on February 9, 2023, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the foregoing document in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system.

On information and belief, a Notice of Electronic Filing was contemporaneously transmitted to the following CM/ECF participants electronically:

- For the United States Trustee:  Richard King, Stephen E. Meunier
- For the Chapter 13 Trustee:  David A. Mawhinney
- For Creditor Matrix Financial Services Corp.:  Richard T. Mulligan
- For Creditor Massachusetts Department of Revenue:  Jodi B. Meade
- For Creditor Hanscom Federal Credit Union:  Lawson Williams

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

I further certify that on this date I served the foregoing upon the Debtor via email and first-class mail, sufficient postage affixed, and addressed as follows:

Scott Blumsack
2 Old Homestead Rd.
Groton, MA 01450

Respectfully submitted,
/s/  Dmitry Lev
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
dlev@levlaw.net

Dated:  February 9, 2023